UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SANDEEP SINGH,

Plaintiff,

-against-

BALWANT SINGH,

Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATIONS**
25 CV 3898 (HG) (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

On July 14, 2025, Plaintiff Sandeep Singh, an attorney representing himself *pro se*, brought this action against his uncle, Balwant Singh bringing a state law claim for battery, which Plaintiff argues is revived by the Adult Survivors Act, N.Y. C.P.L.R. §214-j. (See Dkt. No. 1 ("Compl.")). Presently before the Court is Plaintiff's Motion for Default Judgment. (Dkt. No. 13; Dkt. No. 13-1 ("Mot.")).

BACKGROUND

Plaintiff moved with his parents and three younger siblings from India to the United States in 1996 when he was eleven years old. (Compl. ¶ 16).[1] His uncle, Defendant Balwant Singh (also known as "Boota"), followed two years later, moving into the family's home and sharing a bedroom with Plaintiff. (Compl. ¶¶ 17, 19; Mot. at 2). At the time, Plaintiff was thirteen years old, and his uncle was in his late twenties. (Compl. ¶ 18). During this time, Defendant would physically and sexually abuse plaintiff. (Id. ¶¶ 22, 23). Although Plaintiff alleges defendant "became less interested in sexually assaulting" Plaintiff once he turned sixteen

[1] The facts in this Opinion are taken from the Complaint. For the purposes of establishing default judgment liability, factual allegations of the Complaint are taken as true. Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015).

years old, Defendant continued his physical assaults on Plaintiff until 2005 when Plaintiff joined the United States Army at nineteen years old. (Compl. ¶ 24; Mot. at 2). Due to the cultural stigma of being sexually abused, Plaintiff remained silent regarding the abuse. (Compl. ¶ 5).

On July 14, 2025, Plaintiff filed his Complaint against Defendant, bringing a single claim for battery. Defendant was served with the Complaint and Summons on July 21, 2025, and was therefore required to answer or otherwise respond to the Complaint by August 11, 2025. (Dkt. No. 5). On September 8, 2025, after Defendant failed to respond to the Complaint, Plaintiff requested a certificate of default. (Dkt. No. 8). The Clerk of Court entered default against Defendant on September 16, 2025, and Plaintiff filed the present Motion for Default Judgment on October 23, 2025. (Dkt. Nos. 9, 13).

## DISCUSSION

### I. Default Judgment Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for an entry of default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. Id. Second, if that party fails to appear after the Clerk's entry of default or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b).

The Second Circuit has cautioned that since a default judgment is an "extreme sanction[,]" it should only be entered as a last resort. See Meehan v. Snow, 652 F.2d 274, 277

(2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "afford[] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96. Thus, considering the "oft-stated preference for resolving disputes on the merits[,]" default judgments are "generally disfavored[,]" and doubts should be resolved in favor of the defaulting party. Id. Accordingly, Plaintiff is not entitled to a default judgment as a matter of right simply because the Defendant is in default. See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

The burden is on the Plaintiff to establish his entitlement to recovery. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability. See id. However, a "default…only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas, 509 F. App'x 54, 56 (2d Cir. 2013). In deciding a motion for default judgment, the Court "is required to accept all of the [movant's] factual allegations as true and draw all reasonable inferences in [his or her] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)). The Court "'will not draw argumentative inferences in the plaintiff's favor'" Off-White LLC v. Ali, No. 19 CV 1775, 2020 WL 5802048, at *2 (S.D.N.Y. Sept. 28, 2020) (quoting In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013)).

"Finally, although it is well-established that courts 'liberally construe pleadings and briefs submitted by pro se litigants,' 'a lawyer representing himself ordinarily receives no such solicitude.'" Nimkoff v. Drabinsky, No. 17 CV 4458, 2021 WL 4480627, at *9 (E.D.N.Y. Sept. 30, 2021) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) & Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010)).

## II. Battery

The elements of civil battery in New York are "'(1) bodily contact, which is (2) harmful or offensive in nature, and (3) made with intent." Walia v. Vivek Purmasir & Assocs., Inc., 160 F. Supp. 2d 380, 393 (E.D.N.Y. 2000) (quoting Merzon v. Cnty. of Suffolk, 767 F. Supp. 432, 448 (E.D.N.Y. 1991)). Here, Plaintiff alleged years of physical abuse which included intentional slapping, kicking, punching, shoving, choking, and sexual physical contact. The Court finds this is sufficient to establish the elements of battery.

## III. Statute of Limitations

Although Plaintiff's Motion is unopposed and Defendant does not, therefore, raise a statute of limitations defense, district courts may *sua sponte* consider the statute of limitations. Walters v. Indus. & Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011) (holding that "district courts may dismiss an action *sua sponte* on [statute of] limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted'") (quoting Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980)).

The statute of limitations for a battery claim in New York is one year. See N.Y. C.P.L.R. § 215(3); Barzi v. Combs, No. 24 CV 7973, 2026 WL 366811, at *3 (S.D.N.Y. Feb. 10, 2026) (applying one-year statute of limitations to sexual assault and battery claims under New York

law). The statute of limitation begins to accrue immediately upon the occurrence of the battery. Lettis v. U.S. Postal Serv., 39 F. Supp. 2d 181, 204 (E.D.N.Y. 1998). Here, approximately 20 years have elapsed between the last alleged assault in 2005 and the filing of the Complaint on July 14, 2025—a period far beyond the one-year statute of limitations.

Plaintiff argues, however, that this action is timely filed under the Adult Survivors Act. (Mot. at 1). The New York legislature passed two statutes reviving the statute of limitations for otherwise time-barred conduct constituting sexual offenses under Article 130 of the New York Penal Code. On August 14, 2019, New York enacted the Child Victims Act, N.Y. CPLR § 214-g, which created a one-year window for adult survivors of childhood sexual offenses to bring otherwise time-barred civil claims for personal injuries arising from the underlying sexual conduct. See Parker v. Alexander, 171 F.4th 146, 149 (2d Cir.), certified question accepted, 278 N.E.3d 441 (N.Y. 2026).[2] This period was extended for another year in 2020, and the window to timely bring a claim under the Child Victims Act expired on August 14, 2021. Id. In other words, if a plaintiff experienced a sexual offense prior to the age of eighteen, he or she could bring that claim between August 14, 2019 and August 14, 2021 even if that claim's statute of limitations had already expired.

The Child Victims Act's counterpart, the Adult Survivors Act, N.Y. CPLR § 214-j, was passed in 2022 and "created a one-year revival period, starting November 24, 2022, during which adult survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statute of limitations." Carroll v. Trump, 650 F. Supp. 3d 213, 218 (S.D.N.Y. 2023). Unlike the Child Victims Act, however, the Adult Survivors Act applied to

[2] Plaintiff does not argue the Child Victims Act applies to his claims. Although the Court must draw inferences in Plaintiff's favor, it need not make arguments on behalf. However, the Court analyzes the applicability of the Child Victims Act to Plaintiff's claims to establish that amendment of the Complaint to apply the Child Victims Act to Plaintiff's claims would be futile. (See infra at 8–9).

plaintiffs who were adults over the age of eighteen when the underlying sexual offense occurred. Parker, 171 F.4th at 150. To timely bring a claim under the Adult Victims Act, a plaintiff's case had to be filed by November 24, 2023. Id.

For a claim to be revived under the either act, "a defendant's underlying conduct must 'constitute a sexual offense as defined in article one hundred thirty of the penal law." Johnson v. NYU Langone Health, No. 22 CV 9456, 2023 WL 6393466 at *2 (S.D.N.Y. Sept. 30, 2023) (discussing the Adult Survivors Act) (quoting N.Y. C.P.L.R. § 214-j); Doe v. New York City Dep't of Educ., 669 F. Supp. 3d 160, 165 (E.D.N.Y. 2023) (discussing the Child Victims Act). "The focus is…on the conduct which caused injury, not on the nature of the legal theory under which the cause of action was brought. Nothing in the statute requires that the cause of action include a sexual offense as a necessary element, so long as a sexual offense is the conduct that caused injury in this case." J.S.M. v. City of Albany Dep't of Gen. Servs., 211 N.Y.S.3d 859, 868 (N.Y. Sup. Ct. 2024).

A. Sexual Offense

In his Complaint, plaintiff directs the Court to New York Penal Law § 130.55 (sexual abuse in the third degree) and § 130.52 (forcible touching).[3] Sexual abuse in the third degree as defined by New York Penal Law §130.55 is committed when a person "subjects another person to sexual contact without the latter's consent." Aguilar v. Wishner, 249 N.Y.S. 3d 476, 483 (2d Dep't 2025). The element of "sexual contact" is defined as ""any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes

[3] Plaintiff also identifies § 130.65 (sexual abuse in the first degree) and § 130.20 (sexual misconduct). However, because the Court finds infra that plaintiff sufficiently has alleged forcible touching and sexual abuse in the third degree and therefore establishes the first element necessary to apply the Adult Survivors Act, it is not necessary to examine whether the conduct alleged constitutes other, more serious, sexual offenses. Even if Plaintiff has sufficiently alleged these offenses, the statute of limitations has run.

the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed." People v. Marrero, 130 A.D.3d 1148, 1149 (3d Dep't 2015) (quoting N.Y. Penal Law §130.00(3)). Plaintiff here did not give his consent when he was physically and sexually abused and his uncle's conduct clearly meets the definition of sexual contact under the New York Penal Code. Thus, the elements of sexual abuse in the third degree are established in the present case.

Forcible touching has two elements: "a defendant must (1) 'forcibly touch[] the sexual or other intimate parts of another person,' (2) 'for the purpose of degrading or abusing such person, for the purpose of gratifying the actor's sexual desire.'" Johnson, 2023 WL 6393466, at *2. The threshold for showing force is low—any bodily contact involving the application of some level of pressure qualifies if done with the relevant *mens rea*. J.S.M., 211 N.Y.S. at 869 (finding allegation that perpetrator "pushed into [plaintiff] with his body" and then "cornered [her] and kissed the back of her neck" was sufficient to allege a claim of forcible touching under New York Penal Law § 130.52). Moreover, "since intimacy is a function of behavior and not merely anatomy," New York courts also consider "the manner and circumstances of the touching." People v. Sene, 66 A.D.3d 427, 427–28 (1st Dep't. 2009) (quotation omitted). See also People v. Torres, 220 A.D.3d 514, 515 (1st Dep't. 2023) (finding lower back was an intimate part); Morrison v. Scotia Cap. (USA) Inc., No. 21 CV 1859, 2023 WL 8307930, at *3 (S.D.N.Y. Dec. 1, 2023) (collecting New York cases finding an individual's feet, neck, and buttocks may constitute intimate parts). Here, Plaintiff alleges that Defendant would touch his back and chest area while Plaintiff slept and would rub his genitals while groping Plaintiff's chest. (Compl. ¶ 21). The Court finds that the contact described meets the low threshold required by New York

law. Additionally, Defendant's conduct is of such a nature that it could not have been done without an intent to degrade or abuse the Plaintiff. The Court therefore finds that the Defendant's conduct meets the definition of forcible touching.

Plaintiff sufficiently alleges both forcible touching and sexual abuse in the third degree and forcible touching. Accordingly, the first element necessary for the Adult Survivors Act to apply is satisfied.

B. Plaintiff's Age During the Conduct Alleged

The Complaint establishes that Defendant sexually abused Plaintiff beginning when Plaintiff was thirteen years-old and continued to do so until Plaintiff was approximately nineteen years-old. Although the Complaint alleges that the Defendant "became less interested in sexually assaulting" Plaintiff once he turned sixteen years-old, the Court liberally construes the allegation that Defendant "continued his physically assaults until [Plaintiff] finally left the house" at approximately age nineteen to infer that the sexual abuse continued until Plaintiff was nineteen. Because the sexual abuse occurred both before and after Plaintiff turned eighteen years old, the Court finds that Plaintiff has established that he meets the age requirements of both the Child Victims Act and the Adult Survivors Act.

C. The Revival Window Has Closed

Although the Court finds that Plaintiff has established that he meets the substantive requirements for both the Adult Survivors Act and the Child Victims Act, the statute of limitations has nevertheless lapsed. As discussed *supra*, the Child Victims Act opened a window to bring claims between August 14, 2019 and August 14, 2021. The Adult Survivors Act opened a similar window from November 24, 2022 until November 24, 2023. Plaintiff did not bring his

Complaint until July 14, 2025, well past the close of either statute's revival window. As such, neither the Adult Survivors Act nor the Child Victims Act revive Plaintiff's claims.

The Court therefore respectfully recommends that the District Court DENY Plaintiff's Motion for Default Judgment. As amendment would be futile due to the statute of limitations, the Court also respectfully recommends that the Court's denial of Plaintiff's Motion be with prejudice.

IV. *Sua Sponte* Dismissal

District courts have the discretion to dismiss actions on their own motion under a broad range of circumstances, including where claims are time-barred. De Santis v. City of New York, No. 10 CV 3508, 2014 WL 228659, at *5 (S.D.N.Y. Jan. 22, 2014) (citing Walters v. Indus. & Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011)). Accordingly, the Court respectfully recommends that the District Court dismiss this action *sua sponte* on statute of limitations grounds.

## CONCLUSION

The Court respectfully recommends that the District Court DENY Plaintiff's Motion for Default Judgment with prejudice and that the District Court dismiss the Complaint *sua sponte* on statute of limitations grounds.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is ordered to serve this Report and Recommendation on Defendant and file proof of service on the docket by **August 21, 2026**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 20, 2026

/s/ *Peggy Cross-Goldenberg*

Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York